IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA SKANES, o/b/o, JESSICA F. SKANES, )</br>)</br>Plaintiff,           )</br>)</br>vs.                           )</br>)</br>JO ANNE B. BARNHART, Commissioner )</br>of Social Security,           )</br>)</br>Defendant.        ) | CIVIL ACTION NO. 03-0884-P-B |

ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before this court is plaintiff's Objection to Report and Recommendation of the Magistrate Judge (doc.18). On March 14, 2005, the Magistrate Judge recommended, under 28 U.S.C. § 636(b)(1)(B), that the decision of the Commissioner to deny plaintiff's claim for supplemental security income benefits be affirmed (doc.17).

Plaintiff's Objection states, in full:

> **COMES NOW** the Plaintiff in the above styled cause and files this Objection to the Repo[r]t and Recommendation filed by the United States Magistrate Judge. The Plaintiff[] would request that the District Judge review the Magistrate Judge's recommendation Du Novo.
>
> After review Du Novo, it is respectfully requested that the District Judge issue a ruling that the Plaintiff is entitled to Supplemental Security Income benefits.

(doc.18).

Pursuant to 28 U.S.C. § 636(b)(1),

> [a]fter conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), *cert*. *denied*, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. By Earnest S. v. State Bd. of Educ. of Georgia, 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R.Rep. No. 94-1609, 94th Cong. & Admin. News 6162, 6163). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779, n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F.Supp.1428, 1431-32 (S.D.Fla. 1993), *aff'd*, 28 F.3d 116 (11th Cir. 1994) (Table).

Lacy v. Apfel, 2000 WL 33277680, *1 (M.D.Fla. (Oct. 19, 2000)); *accord* Hatmaker v. Liberty Mutual Fire Ins. Co., 308 F.Supp.2d 1308, 1312 (M.D.Fla. (Feb. 13, 2004)).

Objections to a magistrate judge's report and recommendation may be filed, "as provided by rules of court." 28 U.S.C. § 636(b)(1). The Local Rules of this court provide for and set out the procedure for filing objections. SD ALA LR 72.4. Further, as a general practice of the Court, with the copy of the Report and Recommendation forwarded by the Clerk to the parties, each are forwarded a copy of the "MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT" (see doc.17, p.24-25).

Relevant hereto, the EXPLANATION states, in part:

The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> ... The statement of objection *shall* specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party *shall* submit to the district judge, at the

>time of filing the objection, a brief setting forth the party's arguments that
>the magistrate judge's recommendation should be reviewed *de novo* and
>a different disposition made... Failure to submit a brief in support of the
>objection may be deemed an abandonment of the objection...

Supra.

Herein, the Court record reflects that plaintiff's counsel was forwarded a copy of the EXPLANATION, pages 24 and 25 of the 25-page Report and Recommendation. Supra. Plaintiff's counsel does not contend that he did not receive it, and his receipt thereof is evidenced by the fact that he timely filed the Objection. However, plaintiff has not articulated any particular objection, nor directed this court to any particular portion of the Report and Recommendation to which objection is made. Plaintiff's counsel has not filed a brief setting forth his arguments in support of any objection. As such, this court is not required to review the factual findings *de novo*, and accepts the facts set out by the Magistrate Judge. Lacy, 2000 WL 33277680, *1.

This court's *de novo* review is focused only on the Magistrate Judge's legal conclusions. 28 U.S.C. § 636(b)(1)(A). Following consideration thereof, this court finds no error on the part of the Magistrate Judge.

Accordingly, after due and proper consideration of all pleadings in this file, and a *de novo* determination of the Magistrate Judge's legal conclusions, it is ORDERED that the Report and Recommendation of the Magistrate Judge be and is hereby ADOPTED as the opinion of this court, that the decision of the Commissioner be AFFIRMED, and that this action be DISMISSED.

DONE this 19th day of May, 2005.

            S/Virgil Pittman
            SENIOR UNITED STATES DISTRICT JUDGE